**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Warren N. Richards, IV, ) | No. CV 09-00418-PHX-MHM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| ) | |
| Holsum Bakery, Inc.; Flower Foods, Inc.,) | |
| ) | |
| Defendants. ) | |
| ) | |
| ) | |

Currently before this Court is Plaintiff Warren N. Richards' Motion to Remand. (Dkt. #66). After reviewing the pleadings, and determining that oral argument is unnecessary, the Court issues the following Order.

I.  BACKGROUND

On February 9. 2009, Plaintiff Warren N. Richards, IV, filed suit against Defendants in Superior Court of Arizona, Maricopa County, alleging breach of contract, violation of Arizona Revised Statutes ("A.R.S.") § 23-355, and the breach of the covenant of good faith. (Dkt. #1). On March 02, 2009, Defendants' filed their Joint Notice of Removal, invoking this Court's federal-question jurisdiction based on their belief that Plaintiff's contract claim was predicated on Holsum's 2007 employee severance-benefit plan ("2007 Plan"), which they claimed was governed by the Employee Retirement Income Security Act (ERISA). Plaintiff filed a Motion to Remand to State Court on April 01, 2009, asserting that his claim

was not predicated on the 2007 Plan, but on a retention-benefits memorandum ("Memo") sent to him by Holsum Bakery's President Ed Eisele. (Dkt. #16). Two days before Plaintiff's remand motion was due, on March 30, 2009, Defendants filed a Supplement to Joint Notice of Removal, informing the Court of a First Amendment ("Amendment") to the 2007 Plan, which was inadvertently not included in its original removal filing. (Dkt. #15). In response, on April 01, 2009, Plaintiff filed a Motion to Strike Defendants' supplemental motion, arguing, pursuant to 28 U.S.C §1446, that it was untimely. On April 02, 2009, the Court granted Plaintiff's Motion to Strike and vacated the Rule 16 scheduling conference pending its decision on the Motion to Remand. (Dkt. #20). In the same order, the Court allowed for limited discovery concerning subject matter jurisdiction—i.e. whether the Amendment was authentic or a fabrication—to be completed within twenty days, and directed that any request for an evidentiary hearing by Plaintiff should be made no later than ten days thereafter. (Id.).

On July 8, 2009, Plaintiff filed his Request for Evidentiary Hearing, in which he acknowledged the existence of the Amendment, but argued that it had never been adopted. (Dkt. #47). Having determined that whether or not the Amendment was adopted might well be determinative as to the remand question, this Court withdrew its previous Order granting Plaintiff's Motion to Strike, denying that motion instead, and granted Plaintiff's Request for Evidentiary Hearing concerning whether or not Defendants implemented or adopted the Amendment. (Dkt. #49) The evidentiary hearing was held on November 23, 2009. On December 10, 2009, this Court issued an Order denying Plaintiff's Motion to Remand, finding that the Memo was not a freestanding offer of change of control benefits, but instead was a summary of an amendment to Defendants' 2007 ERISA Plan, and that the Amendment had been adopted in compliance with applicable ERISA law. (Dkt. #59). As a result, the Court held that Plaintiff's contract claim was predicated by ERISA and removal was proper. (Id.).

On January 25, 2010, the Court held a Rule 16 Scheduling Conference. At the scheduling conference the Court learned that Plaintiff, that same day, had filed a second

Motion for Remand. (Dkt. # 66–67). The Court ordered expedited response and reply concerning the new Motion for Remand. (Dkt. #67). In addition, the Court directed Plaintiff to file an amended complaint, if he so desired, within sixty days. (Id.). On March 26, 2010, Plaintiff filed his First Amended Complaint, (Dkt. #72), which Defendants answered on April 9, 2010. (Dkt. #73). In his First Amended Complaint, Plaintiff makes claims for wrongful termination pursuant to A.R.S. § 23-1501 and for failure to pay wages under A.R.S. § 23-350 et seq.. (Id.). Plaintiff no longer asserts breach of contract, the claim upon which this Court rested its finding that federal court jurisdiction was proper.

## II. DISCUSSION

Subsequent to filing the instant Motion for Remand ("Plaintiff's Second Motion for Remand"), Plaintiff filed his First Amended Complaint. The First Amended Complaint no longer contains the contract claim which this Court found was preempted by ERISA or a claim to stock benefits—a claim which Defendants have argued would provide an independent basis for federal question jurisdiction. All that remains in Plaintiff's First Amended Complaint, then, are two state-law claims: (1) wrongful termination pursuant to A.R.S. § 23-1501 and (2) failure to pay wages under A.R.S. § 23-350 et seq.. (Id.). Plaintiff's Second Motion to Remand, however, was filed and fully briefed by both Parties prior to Plaintiff's filing of his First Amended Complaint. In the Second Motion for Remand, Plaintiff treats the Court's Order concerning his original Motion for Remand ("First Motion for Remand") as effectively having dismissed his contract claim. In their response to Plaintiff's Second Motion to Remand, Defendants are rightfully confused by Plaintiff's position, as this Court's previous Order did not dismiss Plaintiff's claim, but merely held that it was preempted by ERISA. Consequently, in their response brief, Defendants primarily argue that Plaintiff's new bases for remand are besides the point, as the contract claim is still in this case and it alone establishes federal jurisdiction.

Defendants did not thoroughly address Plaintiff's contention that a wrongful termination claim is only preempted if the employer had a benefits defeating motive in terminating the employee. Without deciding the merits of this argument, the Court notes that

1  Plaintiff's position appears plausible. See Campbell v. Aerospace, 123 F.3d 1308 (9th Cir.
2  1997). In light of Plaintiff's First Amended Complaint and the confusion caused by
3  Plaintiff's Second Motion for Remand, this Court will deny Plaintiff's Second Motion for
4  Remand, but with leave to refile as to this particular issue; whether a wrongful termination
5  claim is only preempted if the employer had a benefits defeating motive in terminating the
6  employee. The Court finds that denial of Plaintiff's motion with leave to refile is proper
7  because any motion to remand should be addressed to the most current complaint, which is
8  the First Amended Complaint.

9  Also in his Second Motion for Remand, Plaintiff argues in the alternative that even
10 if his wrongful termination and wage claims relate to the Holsum's 2007 Plan as amended,
11 ERISA is not implicated because the 2007 Plan was not an ERISA plan. This issue,
12 however, has already been settled. In its remand Order, the Court found that the Amendment
13 had been adopted and was part of Holsum's 2007 *ERISA Plan*. (Dkt. #59). It is true that the
14 Court's Order did not conduct an analysis of whether the 2007 Plan, prior to amendment,
15 implicated an ongoing administrative scheme, and was, therefore, and ERISA plan. The
16 reason no such analysis occurred is that the issue did not appear to be in dispute.

17 In Plaintiff's Motion for an Evidentiary Hearing, Plaintiff conceded the existence of
18 the Amendment, but argued that an evidentiary hearing was necessary to determine if the
19 Amendment had been adopted by Holsum and added to the 2007 Plan. In arguing that the
20 Amendment had not been formally adopted, Plaintiff cited to case law concerning how a
21 company formally adopts an amendment to a pre-existing ERISA plan, alleging Defendant
22 Holsum had not followed the necessary procedures. The clear implication of this argument
23 was that Plaintiff conceded that the 2007 Plan was an ERISA plan. Had Plaintiff believed
24 that the Court erred in its first remand Order or not addressed this issue, the proper course
25 of action would have been to file a Motion for Reconsideration explaining its position.
26 Plaintiff, however, did no such thing and the time has since passed to do so. See LRCiv
27 7.2(g)(1) (stating that any motion for reconsideration should be filed no later than ten days
28 after the date of the filing of the Order that is the subject of the motion). As a result, Plaintiff

may no longer argue that the 2007 Plan as amended is not an ERISA Plan.

**Accordingly,**

**IT IS HEREBY ORDERED** denying Plaintiff's Motion for Remand with leave to re-file within 15 days of the filing date of this Order. In any subsequent Motion for Remand, Plaintiff is directed to address only his argument that remand is proper because a wrongful termination claim is only preempted if the employer had a benefits defeating motive in terminating the employee. (Dkt. #66).

DATED this 6th day of June, 2010.

_____
Mary H. Murguia
United States District Judge