**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Warren N. Richards, IV, ) | No. CV-09-00418-PHX-MHM |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| Holsum Bakery, Inc., an Arizona) Corporation; Flowers Foods, Inc., a) Georgia Corporation, ) | |
| Defendants. ) | |

The Court is in receipt of Defendants' Motion for Application for Reasonable Attorney's Fees. (Dkt. #50). Having considered the Parties' briefs, the Court issues the following Order.

I. BACKGROUND

In a previous Order, this Court granted in part and denied in part Defendants' Motion for Disqualification of Plaintiff's Counsel for Improper Ex Parte Communication in Violation of Ethical Rule 4.2. (Dkt. #49). As part of the relief granted, this Court awarded Defendants' reasonable attorney's fees and costs associated with investigating and responding to the inappropriate ex-parte communications. On November 19, 2009, Defendants filed the instant motion, requesting $27,381.16 in fees and costs and supporting their request with the required affidavit. Plaintiff responded on December 7, 2009, disputing the reasonableness

1 | of Defendants' fee request and suggesting an award of $5,000.00 instead. (Dkt. #58).

2 | II.     DISCUSSION

In determining a reasonable fee award, this Court considers a number of factors. See L.R.Civ. 54.2( c)(3) (setting forth the various factors that bare on a determination of a reasonable fee award). The factors most pertinent to this case include: (1) the time and labor required of counsel; (b) the novelty and difficulty of the questions presented; (3) the skill requisite to perform the legal service properly; and (4) and the customary fee charged in matters of the type involved. Id.; Kessler v. Assocs. Fin. Servs. Co. of Hawaii, Inc., 639 F.2d 498, 500 n.1 (9th Cir. 1981) ("The Court need not consider all . . . factors, but only those called into question by the case at hand and necessary to support the reasonableness of the fee award.").

The issues raised in Defendants' disqualification motion were not simple, but they were not overly complicated either. Accordingly, the Court finds that the time and labor spent on the motion was excessive in relation to the difficulty of the legal issue. Five separate attorneys, for example, worked on this fairly straight forward motion, reply, and fee application matter, and a fair amount of their time was spent engaging in the fairly abstract activity of "reviewing." See Metro Data Sys., Inc. v. Durango Sys., Inc., 597 F. Supp. 244, 245 (D. Ariz. 1984) (noting the amorphous quality of the phrase "review" in the context of an attorney's fees motion). In light of the foregoing, the Court, in its discretion, finds that an award of $13,000.00 is appropriate in this case and will reasonably compensate Defendants.

/ / /

**Accordingly,**

**IT IS HEREBY ORDERED** granting Defendants attorney's fees in the amount of $13,000.00

DATED this 25th day of June, 2010.

_____
Mary H. Murguia
United States District Judge